UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DUNHAM individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT CRANE & ASSOCIATES, LLC an Indiana limited liability company,<br><br>Defendant. | No. 1:16-cv-02100-SEB-MPB |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant's, Robert Crane & Associates, LLC, Motion to Dismiss Plaintiff's, David Dunham, Complaint. (Docket No. 18). This motion was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to the appropriate disposition. (Docket No. 15). For the reasons that follow, it is recommended that the Court deny Defendant's Motion to Dismiss. Also pending before the Court is Plaintiff's Second and Third Motions for Leave to Cite Additional Authority (Docket No. 32; Docket No. 34), which the Defendant has filed briefs in response addressing the additional authority's applicability (Docket No. 33; Docket No. 36). The Court **GRANTS** Plaintiff's motions for leave. (Docket No. 32; Docket No. 34).

Plaintiff David Dunham purportedly defaulted on a debt that he owed Springleaf Financial Services. Defendant, Robert Crane & Associates, LLC, sent an initial collection letter to Mr. Dunham on January 29, 2016, demanding payment of the delinquent debt. Mr. Dunham claims that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

("FDCPA") because the letter did not advise him that disputes must be in writing. He also alleges that omitting such information constitutes the use of unfair and unconscionable collection means. Defendant argues that dismissal is warranted because Mr. Dunham does not have standing to assert his FDCPA claims.

## I. BACKGROUND

The factual allegations in the Complaint filed by Mr. Dunham, which the Court must accept as true at this time, are that Crane is a debt collection agency. ([Docket No. 1 at ECF p. 2](#)). Mr. Dunham purportedly incurred a debt with Springleaf Financial Services of Indiana. ([Docket No. 1 at ECF p. 1](#)). Springleaf Financial Services engaged Crane for the purposes of collecting payment from Mr. Dunham. ([Docket No. 1 at ECF p. 2](#)). On January 29, 2016, Crane sent Mr. Dunham a letter (the "Letter") which stated in relevant part:

> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. Unless you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this notice, this office will assume the debt is valid. If you notify this office within 30 days from receiving this notice that the debt, or any portion thereof, is disputed, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

([Docket No. 1-1](#)).

Mr. Dunham initiated this lawsuit on August 4, 2016, individually and on behalf of all others similarly situated, alleging that Crane, by failing to state that a dispute must be submitted in writing in order to obtain verification of the debt, violated [§ 1692g(a)(4)](#) of the FDCPA. ([Docket No. 2 at ECF pp. 1-4](#)). He further alleges that omitting such information constituted the use of unfair and unconscionable collection means, in violation of [§ 1692f](#) of the FDCPA.

2

([Docket No. 1 at ECF pp. 2-3](#)). Finally, he asserts that both violations render Crane liable for statutory damages, costs, and reasonable attorneys' fees and that the violation of [§ 1692f](#) also renders Crane liable for actual damages. ([Docket No. 1 at ECF p. 4](#)).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim based upon a lack of subject matter jurisdiction." [*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)](#). In ruling on such a motion, the Court accepts as true all well-pleaded factual allegations and draws reasonable inferences in the Plaintiff's favor. [*Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)](#). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject-matter jurisdiction exists for his or her claims. *See* [*Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003)](#). If it concludes that it has no jurisdiction, "[the] court must dismiss the case without ever reaching the merits." [*Capitol Leasing Co.*, 999 F.2d at 191](#).

## III. DISCUSSION

Defendant contends that Mr. Dunham does not have standing to assert his claims because he has "failed to plead any injury in fact, which is an indispensable prerequisite for standing to assert a claim." ([Docket No. 18 at ECF p. 1](#)). Specifically, Crane alleges that, in light of [*Spokeo, Inc. v. Robins*, ——U.S. ——, 136 S. Ct. 1540 (2016)](#), the threat of concrete harm is not sufficient to confer standing and, in any event, Mr. Dunham has not alleged that he was threatened with any concrete harm. ([Docket No. 19 at ECF p. 6](#)). Crane alleges that Mr. Dunham's allegations amount to nothing more than bare procedural violations, which do not result in any harm and cannot be an Article III injury in fact. *Id.*

3

In response, Mr. Dunham argues that a violation of the plaintiff's statutory right to receive information is a concrete injury by itself. ([Docket No. 21 at ECF p. 7](#)). Moreover, Mr. Dunham asserts that the standard is "based on the perspective of an unsophisticated consumer, not necessarily the individual plaintiff himself, 'meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived.'" ([Docket No. 21 at ECF p. 9](#), citing *[Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012)](#)). Mr. Dunham argues that "the overwhelming majority of district and appellate courts interpreting *Spokeo* have found that violations of the informational disclosure requirements of the FDCPA confer standing on consumers." ([Docket No. 21 at ECF p. 5](#)).

Standing ensures that the parties at issue have a "vested interest in the case" and guarantees that the Court only adjudicates "cases and controversies." *[Cabral v. City of Evansville, Ind.*, 759 F.3d 639, 641 (7th Cir. 2014)](#). "To satisfy Article III's standing requirements, a litigant must show that (1) it has suffered an actual or imminent concrete and particularized 'injury in fact'; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *[Id.* at 641-42](#) (citing *[Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)](#)).

In *Spokeo*, the Supreme Court vacated and remanded a fair credit reporting matter, holding that the Ninth Circuit failed to consider both aspects of the injury-in-fact standing requirement, thereby making its Article III analysis incomplete. *[Spokeo*, 136 S. Ct. at 1546-50](#). The plaintiff in *Spokeo*, on behalf of himself and others similarly situated, alleged that the "people search engine" site defendant committed several violations of the Fair Credit Reporting Act ("FRCA") by failing to follow requirements concerning the creation and use of consumer

reports. *Id.* at 1545. Specifically, a Spokeo-conducted search of information about plaintiff resulted in gathering and dissemination of inaccurate information. *Id.* The District Court dismissed plaintiff's complaint for lack of standing, but the Ninth Circuit reversed, noting that the plaintiff had alleged that Spokeo violated *his* statutory rights, not just the statutory rights of other people,' and . . . that Plaintiff's personal interests in the handling of his credit information were individualized rather than collective. *Id.*

The Supreme Court vacated the Ninth Circuit's decision and remanded the case, holding that, while the Ninth Circuit determined that Robins met the particularized requirement, it did not consider whether he met the, separate, concreteness requirement. *Id.* at 1550. As to concreteness, the Court noted that while tangible harm is not required, a bare procedural violation, divorced from any concrete harm, would not satisfy the injury-in-fact requirement of Article III. *Id.* at 1549.

The Supreme Court noted that "Congress is well positioned to identify intangible harms that meet minimum Article III requirements" because it has the ability to define injuries and raise intangible harms that were previously inadequate under the law to the status of concrete, de facto injuries "giving rise to a case or controversy where none existed before." *Id.* Yet, not every violation of a statutory right satisfies the injury-in-fact requirement for Article III standing. *Id.* "Article III standing requires a concrete injury even in the context of a statutory violation;" therefore, merely alleging "a bare procedural violation, divorced from any concrete harm" will not satisfy the injury-in-fact requirement. *Id.*

The Court acknowledged Congress' ability to identify intangible harms that would meet minimum Article III requirements, and noted in *Spokeo* that "[t]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute an injury in fact." *Id.* at

5

1549-50. The Court went on to note examples of statutory violations that confer standing based on the alleged violation of a procedural right granted by statute. *Id. See, e.g.*, *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) ("[A] plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.") and *Fed. Election Comm. v. Akins*, 524 U.S. 11, 21 (U.S. 1998) (failure to obtain information subject to disclosure under Federal Advisory Committee Act "constitutes a sufficiently distinct injury to provide standing to sue").

Although the Seventh Circuit has not addressed the issue of standing in an FDCPA case since *Spokeo*, several district courts within the Seventh Circuit and other circuit courts have addressed this issue and have held that violations of the FDCPA constitute concrete injuries in fact, sufficient to find Article III standing. *See Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 994 (11th Cir. 2016); *Long v. Fenton & McGarvey Law Firm P.S.C.*, No. 1:15-cv-1924-LJM-DKL, 2016 WL 7179367, at *3 (S.D. Ind. Dec. 9, 2016) (internal citations omitted) ("Plaintiff has Article III standing to bring her claims against the Defendants under the FDCPA [specifically § 1692g]. The FDCPA established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures."); *George v. Wright, Lerch & Litow, LLP Attorneys At Law*, No. 1:15-cv-00811-JMS-DML, 2016 WL 6963990, at *3 (S.D. Ind. Nov. 29, 2016) (finding plaintiff "sufficiently alleged that she suffered a particularized and concrete injury when Wright sent a letter that she claims violates 15 U.S.C. § 1692e. The purpose of the statute is to eliminate abusive debt collection practices . . . [and] [t]he letter . . . was allegedly misleading[.]"); *Everett v. Fin. Recovery Servs., Inc.*, No. 1:16-cv-01806-JMS-MPB, 2016 WL 6948052, at *4 (S.D. Ind. Nov. 28, 2016); *Rasa Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, at *4 (C.D. Ill. Oct. 7, 2016)

6

("Unlike *Spokeo*, where a 'violation of one of the FCRA's procedural requirements may result in no harm,' a violation of the right under [the FDCPA] to be free from false or misleading representations from debt collectors creates a harm, or risk of harm, sufficient to meet the requirement of concreteness."); *Saenz v. Buckeye Check Cashing of Illinois*, No. 16-cv-6052, 2016 WL 5080747, at *2 (N.D. Ill. Sept. 20, 2016) ("Congress gave consumers a legally protected interest in certain information about debts, and made the deprivation of information about one's debt . . . a cognizable injury. . . . Saenz was harmed by receiving a deficient and allegedly misleading communication from Buckeye—a harm defined and made cognizable by the statute, but a concrete harm nonetheless."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16-cv-2021, 2016 WL 4264967, at *5 (N.D. Ill. Aug. 11, 2016) ("I conclude that SLS's alleged failure to provide the Quinns with information required under the FDCPA constitutes sufficient concrete harm for purposes of Article III standing.") (listing cases).

Prior to *Spokeo*, the Seventh Circuit found that the FDCPA created legal rights and injuries when the FDCPA is violated. *See Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("With that specific disclosure requirement [in Section 1692g], Congress decided that failure to make the disclosure is a failure the Act is meant to penalize"); *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998) ("The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages. . . . [T]he Act is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not").

The Court recognizes the out-of-circuit cases cited by Defendant, namely *Jackson v. Abendroth & Russell, P.C.*, No. 4:16-cv-00113-RGE-HCA, 2016 WL 4942074 (S.D. Iowa Sept.

7

12, 2016),[1] which held that a violation of the disclosure requirements in section 1692g of the FDCPA, by itself, is not sufficient to confer standing post-*Spokeo* and *Provo v. Rady Children's Hospital – San Diego*, No. 3:15-cv-81-JM-BGS, 2016 WL 4625556 (S.D. Cal. Sept. 6, 2016), which held that because plaintiffs failed to plead that they, themselves, suffered the harm the FDCPA was trying to prevent—they lacked standing. The Court is unpersuaded by these cases. They are not only non-binding case law before this Court, but also not in line with established Seventh Circuit case law both before and after *Spokeo*, as discussed above.

The FDCPA established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures. *See George*, 2016 WL 6963990, at *2-3. Plaintiff alleges that he received deficient disclosures that did not properly inform him as to how to dispute the validity of his purported debt, which is a "harm defined and made cognizable" by the FDCPA. *Saenz v. Buckeye Check Cashing of Ill.*, No. 16-cv-6052, 2016 WL 5080747, at *2 (N.D. Ill. (Sept. 20, 2016)). Because the alleged injury is a defined and cognizable harm under the FDCPA, it is more than a bare procedural violation of the statute. Thus, the harm alleged by Plaintiff is a concrete injury in fact sufficient to find Article III standing.

## Conclusion

For all these reasons, the Magistrate Judge recommends that the Court deny Defendant's Motion to Dismiss (Docket No. 18). Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen (14) days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

---

[1] This case explicitly held that it was only applicable to 15 U.S.C. § 1692g and acknowledged that violations of other FDCPA provisions may be sufficient on their own to constitute an Article III injury in fact, including § 1692f, which the Court notes Mr. Dunham has alleged in this case, thus further distinguishing this case from *Jackson*. *Jackson*, 2016 WL 4942074, at *11.

8

**SO RECOMMENDED** the 19th day of April.

Additionally, the Court **GRANTS** Plaintiff's Second and Third Motion's for Leave to Cite Additional authority ([Docket No. 32](Docket No. 32) and [Docket No. 34](Docket No. 34)). The Court will recognize the filings at [Docket No. 32](Docket No. 32) and [Docket No. 34](Docket No. 34) as the additional filings and no further action is required by Plaintiff.

**SO ORDERED** the 19th day of April.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.