UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID DUNHAM individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:16-cv-2100-SEB-MPB<br>)<br>) |
| ROBERT CRANE & ASSOCIATES, LLC an Indiana limited liability company, | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>)<br>)<br>) |

**ORDER AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING DEFENDANTS' MOTION TO DISMISS**

Plaintiff David Dunham has brought this action against Defendant Robert Crane and Associates, LLC, claiming violations of the Federal Debt Collection Practices Acts, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Now pending before us is Defendant Robert Crane & Associates' objection [Docket No. 46] to the Magistrate Judge's Report and Recommendation [Docket No. 45] on Defendant's Motion to Dismiss for lack of Jurisdiction [Docket No. 18] under Federal Rule of Civil Procedure 12(b)(1), filed on September 22, 2016.[1] Having reviewed and considered

---

[1] In addition to the Motion to Dismiss, Plaintiff's Motion to Certify Class [as amended, Docket No. 38] is pending before us. The Federal Rules of Civil Procedure direct district courts to grant or deny class certification "early" in the litigation. Fed. R. Civ. Pro. 23(c)(1); *see Larson v. JPMorgan Chase & Co.,* 530 F.3d 578, 581 (7th Cir. 2008); *Weismuller v. Kosobucki,* 513 F.3d 784, 784 (7th Cir. 2008) (holding that the issue of class certification generally should be addressed prior to a decision on the merits of the case, particularly before a ruling on summary judgment). But the court retains discretion to decide a Rule 12(b) motion before determining whether to certify a putative class. *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 879 n. 4 (7th Cir. 2012) ("there

the Magistrate Judge's Report and Recommendation, Defendant's Objection to that Report and Recommendation and Plaintiff's response to the Objection [Docket No. 42], for the reasons detailed below, we OVERRULE the Firm's objections, ADOPT the conclusions of the Magistrate Judge, and DENY Defendant's motion.

**Factual and Procedural Background[2]**

Mr. Dunham was obligated on a delinquent consumer debt to Springleaf Financial Services of Indiana, which engaged the Crane Firm ("Firm"), a debt collection agency, to collect payment from Mr. Dunham. On January 29, 2016, the Firm sent to Mr. Dunham a form collection letter in an attempt to secure repayment. Docket No. 1 at para. 5.

Mr. Dunham initiated this lawsuit on August 4, 2016, on behalf of himself and others similarly situated, alleging that the Crane Firm, by failing to state in its collection letter that a dispute must be submitted in writing to obtain validation of the debt, violated § 1692(g)(a)(4) of the FDCPA. Docket No. 1 at ¶ 11; Docket No. 2 at 1-4. He also alleges that this omission constituted an unfair and unconscionable collection practice against him and others similarly situated in violation of FDCPA §1692f. *Id.*

---

is no fixed requirement that the court must *always* defer a decision on a Rule 12(b)(6) motion until after the court addresses class certification."); *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) (approving of addressing a dispositive motion before adjudicating the propriety of class certification). We have stayed action on the class certification issue at Defendant Crane's request [Docket No. 20] pending adjudication of Crane's Motion to Dismiss.

[2] The facts recited herein are adopted from the Magistrate Judge's Report and Recommendation [Docket No. 45], which have not been disputed or objected to by the parties.

On September 22, 2016, the Firm moved to dismiss the Complaint arguing that Mr. Dunham "failed to plead any injury in fact, which is an indispensable prerequisite for standing to assert a claim." Docket. No. 18 at 1. In advancing this argument, the Firm has relied on the U.S. Supreme Court's recent decision in *Spokeo, Inc. v. Robins*,--U.S.--, 136 S. Ct. 1540, 1547 (2016), which we discuss more fully below. According to the Firm, Mr. Dunham has not identified any concrete injury resulting from Crane's omission of the words "in writing" in its collection letter; rather, he has raised only a procedural statutory violation, which, under *Spokeo*, does not confer Article III standing. Docket. No. 19 at 6.

Mr. Dunham opposes dismissal arguing that a plaintiff's statutory right to receive information is in and of itself a concrete injury. Docket. No. 21 at 7. He asserts that the standard in cases such as this is "based on the perspective of the unsophisticated consumer, not necessarily the individual plaintiff himself, 'meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived.'" Docket No. 21 at 9 (citing *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012)). Mr. Dunham contends that "the overwhelming majority of district and appellate courts interpreting *Spokeo* have found that violations of the information disclosures requirements of the FDCPA confer standing on consumers." Docket No. 21 at 5.

On October 16, 2016, the Firm's Motion to Dismiss was referred to Magistrate Judge Brookman for issuance of proposed findings and recommendations. Docket No. 45 at 4. On April 19, 2017, the Magistrate Judge issued his report and recommendation concluding that the injury alleged by Mr. Dunham is a defined and cognizable harm under the FDCPA, and as such is a concrete injury in fact sufficient to satisfy Article III standing. Docket No. 45. The Firm filed

a timely objection [Docket. No. 46], to which Mr. Dunham responded [Docket No. 47]. We address the objections below.

**Relevant Law**

**Applicable Legal Standard**

Rule 72(b) of the Federal Rules of Civil Procedure requires a party who disagrees with a magistrate judge's report and recommendation on a dispositive motion to file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "The district court 'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to and adopt those conclusions where a party did not timely object." *Jamerson v. Colvin*, 2013 WL 6119245, at *1 (S.D. Ind. Nov. 21, 2013). Upon a timely objection, the district court must determine *de novo*, "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Remy Inc. v. Tecnomatic, S.P.A.*, 2013 WL 1311095, at *1 (S.D. Ind. Mar. 26, 2013).

Our review of the challenged portions of the Magistrate Judge's Report and Recommendation on Defendant's motion to dismiss is conducted pursuant to Federal Rule of Civil Procedure 12(b)(1), which commands that a court dismiss any suit over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. Pro. 12(b)(1). In ruling on a Rule 12(b)(1) motion to dismiss, we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the

4

complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

The two objections interposed to the Magistrate Judge's Report and Recommendation are limited to the finding of standing to sue on the part of Mr. Dunham, based on his having suffered an injury-in-fact and Mr. Dunham's injury not falling within the scope of the cognizable harm provided for by the statute.

**The Standing Requirement and the Supreme Court's Decision in *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540 (2016)**

Standing is, of course, a threshold requirement under Article III to pursue a claim in federal court, and it applies to plaintiffs in class actions. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 357 (1996). To meet this requirement, a plaintiff must allege that he "has suffered (or is imminently threatened with) (1) a concrete and particularized 'injury in fact' (2) that is fairly traceable to the challenged action of the defendant, and that is (3) likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation" and, accordingly, a plaintiff must present more than "a bare procedural violation, divorced from any concrete harm." *Spokeo*, 136 S. Ct. at 1549. Relevant here, "a concrete injury must be '*de facto*': that is, it must actually exist," *id*. at 1548, but it may be either a tangible or an intangible harm. *Id*. at 1549. As the party seeking federal jurisdiction, the plaintiff has the burden of establishing these three elements. *Id*. at 1547 (citing *WB/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

In *Spokeo*, the Supreme Court focused on the injury-in-fact element necessary to satisfy Article III standing. As plaintiff, Robbins had claimed on his own behalf and others similarly situated that Spokeo, a consumer reporting agency operating a "people search engine," violated the Fair Credit Reporting Act of 1970 ("FCRA") by disseminating inaccurate credit information derived from a variety of sources about him and others. *Spokeo*, 136 S.Ct. at 1544-45. The District Court had dismissed Robbins's complaint for lack of standing, having concluded that he had not properly pled an injury-in-fact. *Id*. On appeal, the Ninth Circuit reversed, holding that the complaint had sufficiently alleged that Spokeo violated Robbins's statutory rights and that his personal interests in the handling of his credit information were sufficiently individualized to constitute an injury-in-fact under the statute. *Id.* at 1545. The Supreme Court vacated the Ninth Circuit decision and remanded the case on the grounds that its decision as to the individualized issue did not adequately address the concreteness factor, which is necessarily a separate inquiry. *Id*. at 1550.

In *Spokeo*, the Supreme Court explained that a statutory violation can constitute an injury-in-fact in some cases, and not rise to that level in other cases. *Id*. at 1549-15. The *Spokeo* decision by the Supreme Court required remand to the Ninth Circuit because the FCRA violation at issue—inaccurate personal information contained on a consumer reporting website—was a bare procedural violation. With the decision in *Spokeo* to guide our analysis, we now turn to Crane's objections to the Magistrate Judge's Report and Recommendation.

**Discussion**

In his Report and Recommendation on the Defendant Crane's Motion to Dismiss for lack of subject matter jurisdiction, Magistrate Judge Brookman thoroughly analyzed *Spokeo*, 136 S.Ct. at 1546-50, and ultimately rejected the Crane's arguments that *Spokeo* forecloses Article III

standing in this case. Magistrate Judge Brookman noted that, while the Seventh Circuit has not yet applied *Spokeo* in analyzing the issue of standing in an FDCPA case, several other courts within this circuit and elsewhere have considered the question, all concluding that FDCPA violations constitute concrete injuries-in-fact sufficient to satisfy standing requirements. Docket No. 45 at 5-7 (citing, *inter alia*, *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990 (11th Cir 2016), and *Long v. Fenton & McGarvey Law Firm P.S.C.,* --F. Supp.3d-- (S.D. Ind. 2016). Judge Brookman prior to *Spokeo*, the Seventh Circuit had held in an analogous ruling that the FDCPA recognized legal rights and injuries based on violations of that statute. Docket No. 45 at 7 (citing, *inter alia*, *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) "With that specific disclosure requirement [in Section 1692g], Congress decided that failure to make the disclosure is a failure the Act is meant to penalize.").

Judge Brookman also discussed Crane's reliance on *Jackson v. Abendroth & Russell, P.C.*, 2016 WL 4942074 (S.D. Iowa 2016) (holding that a violation of the disclosure requirement in FDCPA section 1692g is not, on its own, sufficient to confer standing post-*Spokeo*), among other judicial rulings, observing that, while informative, such cases lack precedential effect in our circuit and were not in any event consistent with Seventh Circuit decisions following the *Spokeo* opinion's issuance.

Magistrate Judge Brookman cited the passage of the FDCPA which requires debt collectors to make certain disclosures to consumers and which incorporated a new form of injury incurred by consumers who do not receive the benefit of the required disclosures. Docket No. 45 at 8. Because Mr. Dunham alleged that the disclosure he received was deficient under the statutory requirements, he was not properly informed as to the manner for disputing the validity of his purported debt. The complaint encompasses a "harm defined and made cognizable" by the

FDCPA, Mr. Dunham contends. *Id.* (citing *Saenz v. Buckeye Check Cashing of Ill.*, --F.Supp. 3d--, 2016 WL 5080747 at *2 (N.D. Ill. 2016)). Adopting this rationale, Magistrate Judge Brookman concluded, Mr. Dunham has standing to pursue his claims in this litigation.

Crane specifically challenges as well the Magistrate Judge's conclusion that Mr. Dunham's alleged injury is a defined and cognizable harm under the FDCPA and that, post-*Spokeo*, he has standing to pursue his claims, relying on the same arguments in its motion to dismiss. Docket No. 46. In its objection, Crane criticizes the Report and Recommendation for relying in part on an unpublished Eleventh Circuit opinion, *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990 (11th Cir. 2016). Docket No. 46 at 7. That case involved a hospital's attempted to collect an outstanding debt, and, according to Crane is distinguishable from Mr. Dunham's claim because the hospital's debt collection letter contained *none* of the disclosures required by the FDCPA (whereas the Crane letter omitted only the words "in writing"). However, the Seventh Circuit has held that "that [when the] specific disclosure requirement [in Section 1692g]" is not made, this is a failure the Act is meant to penalize." *Janetos*, 825 F.3d at 324. In any event, the Magistrate Judge cited that case, among several others, as support for his conclusion that several district courts within the Seventh Circuit as well as other circuit courts have consistently held that violations of the FDCPA constitute concrete injuries-in-fact sufficient to support Article III standing. *See* Docket No. 45 at 6-8 (listing cases).

Crane invokes the Report and Recommendation's explicit acknowledgment that the Seventh Circuit has not addressed, post-*Spokeo*, the FDCPA disclosure requirements at issue here, insisting that the Seventh Circuit's application of *Spokeo* in other contexts supports its position on the standing issue. Docket No. 46 at 7-9. In particular, Crane relies on *Myers v. Nicolet Restaurant of DePere, LLC*, 843 F.3d 724 (7th Cir. 2016), which involved an alleged

8

violation of a different statute, the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. of §1681c. There, plaintiff Myers was given a receipt that, contrary to FACTA §1681c(g)(1), did not truncate the expiration date of his card, but he had not alleged any harm aside from that statutory violation. 843 F.3d 726. The district court rejected certification of Myers' proposed class consisting of "everyone who has been provided [by the restaurant] non-compliant receipt." On appeal, the Seventh Circuit addressed standing before reaching the class certification issue, holding that Myers's claim did not include an allegation of a concrete injury sufficient to satisfy the injury-in-fact requirement. Crane relies on the *Myers* Court's observation to argue that the case at bar involves a "violation of a statute, completely divorced from any potential real-world harm" (*Myers*, 843 F.3d at 729). Docket. No. 46 at 8-9.

Crane also relies on *Gubula v. Time Warner Cable, Inc.*, 846 F.3d 909 (7th Cir. 2017), which involved a dispute over defendant Time Warner's retention of Gubala's personal information for two years following termination of the residential services. Gubala sued Time Warner under 47 U.S.C. § 551(e) of the Cable Communications Policy Act ("CCPA"), which directs cable operators to "destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information[.]" Id. at 901. The district court found that Gubula had suffered no concrete injury and, accordingly, lacked standing to sue. The Seventh Circuit affirmed, holding that, while there was "unquestionably a risk of harm in such a case," *Gubala* did not present any allegation claiming that during the decade since he subscribed to Time Warner's services the company gave away or lost any of his personal information or intended to give it away or poses a risk of having the information stolen. *Id.* at 910-11. Crane argues similarly that Mr. Dunham suffered nothing more than a bare statutory violation. We find this

9

argument unpersuasive, however, because *Gubala* addressed only whether CCPA—and not FDCPA—violations constitute concrete injuries. Our court addressed this same argument in *Long*, --F. Supp. 3d--, 2016 WL 7179367 at *3, reaching an identical conclusion. We disagree with the Crane's contention that it is legally insignificant that this case involves the FDCPA and *Spokeo* and other cases relying on *Spokeo* involve alleged violations of other statutes. We disagree. Although courts have found that violations of other statutes do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and, accordingly, courts routinely find that FDCPA violations establish concrete injuries for standing purposes.

Crane's final argument is that *Spokeo* forecloses Mr. Dunham's claim that having been previously deprived of information, even though he now possesses it, that deprivation still constitutes a concrete injury-in-fact. Specifically, Crane argues that *Spokeo* makes clear that plaintiffs who have been deprived of statutory information to which they are entitled have standing to sue only in an effort to obtain such information; the injury-in-fact consists of the inability to obtain information. We are unpersuaded by this argument for the simple reason that "[t]he FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998). This provision strengthens our rationale and conclusions with regard to standing.

**Conclusion**

For the reasons explained above, the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss [Docket No. 45] is <u>ADOPTED in full</u>, and Defendants' Motion to Dismiss [Docket No. 18] is <u>DENIED</u>.

IT IS SO ORDERED.

Date:  6/20/2017

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David J. Phillips
Phillips & Phillips, Ltd.
Davephillips@aol.com

Mary E. Phillips
Phillips & Phillips, Ltd.
Mephillips@aol.com

Angie K. Robertson
Phillips & Phillips, Ltd.
Angiekrobertson@aol.com

Stephen J. Halbert
shalbertlaw@aol.com

Dina M. Cox
Lewis Wagner LLP
dcox@lewiswagner.com

Joseph Neal Bowling
Lewis Wagner LLP
nbowling@lewiswagner.com